ELIZABETH, LEXINGTON & BIG SANDY R. Co. *v.* R. H. PREWITT.

**Damages—Railroad Company—Independent Contractor—Measure of Damages.**

A railroad company is not liable for damages on account of the manner in which its contractor performs work resulting in injury to others, but where it contracts with a contractor that he should enter upon the lands over which it owned the right of way, it being necessary to do so that the fence should be removed, both the company and the contractor are liable for injuries sustained by another resulting from the removal of the fence.

**Measure of Damages.**

One cannot plant a crop in an uninclosed field and hold the railroad company liable for its destruction because it had violated its contract in failing to fence in said field.

APPEAL FROM CLARK CIRCUIT COURT.

March 25, 1876.

OPINION BY JUDGE LINDSAY:

We do not deem it necessary to determine whether the parties who are alleged to have committed the trespass complained of were or not independent contractors. The ground of complaint is that they removed the fences enclosing the land in appellee's possession and exposed his crops, pasturage, etc., to the depredation of stock. The railroad company contracted with the parties who removed the fence that they should enter upon the lands over which it owned the right of way. In making the entry, it was necessary to remove these fences. Hence the railroad company and its contractors, whether they be independent or not, are each and all responsible for the damages.

If the railroad company could have placed its contractors in possession of the lands upon which they were to construct its roadway, without the commission of a trespass, it would not have been liable for the manner in which they performed their work; but as it contracted with them to take the possession, and as the trespass was com-

mitted in the direct performance of that contract, the company must answer therefor.

The court properly instructed the jury that they could allow nothing for damages to the crops and pasturage on the lands upon which it was appellee's duty to keep up the fences. The company is answerable for the damages to the corn, and the stable pasturage on the tract of land upon which it was the duty of the company to keep up the fences.

But it cannot be required to pay the value of the oats destroyed, in the year following the commission of the original trespass. Appellee sowed his oat crops with full knowledge of the fact that the removal of the fences the year before, would expose it to the depredations of such stock as might be running at large. He had no right thus to set about making for himself a new cause of action against the trespassers. The company having failed to comply with its contract, he should have put up the necessary fencing himself, and then have sued it for his reasonable expenses thereby incurred. He could not plant a crop in an unenclosed field, and hold the appellant liable for its destruction, because it had violated its contract in failing to fence in said field. Sedgwick on Damages, Side Paging 93, 94 and 95.

Instruction No. 2, given by the court, authorized the jury to include in their verdict the value of so much of the oat crops as was destroyed, and to that extent it was erroneous.

Judgment *reversed* and cause remanded for a new trial upon principles consistent with this opinion.

*Breckenridge & Shelby, for appellant.*
*James Simpson, for appellee.*